Case number 19-5070 D T et al. v. Sumner County Schools et al. Oral argument not to exceed 15 minutes per side. Mr. Thurston for the appellants. Good morning your honors and may I reserve five minutes for rebuttal? Yes. Thank you honors. May it please the court. So this case is really about a clash between federal IDEA law and state truancy law in the state of Tennessee. What we're here before you today is the denial of an injunctive relief. And basically what that's about is is that the school defendant, appellee, has basically filed truancy charges against parents who have rightfully withdrawn their student with a disability and placed that child in a private program. That is clearly their right under federal law and IDEA law. The issue here has come up where the state of Tennessee has declared, well A, this child is still on our enrollment and as a result has developed a number of unexcused absences. And B, that we don't approve of this other program. And under the definition, under state Tennessee law and their truancy law, that definition is so narrowly defined that will exclude not only the plaintiff, the child in this case, but perhaps hundreds if not thousands of other children in the state of Tennessee. And that's the problem. We have a clash here of federal law and state law where the federal IDEA law clearly gives the parent the right to pull that child out. And the parent did that on January 10th of 2018. And what happened was the school, for whatever reason, we don't know if it was a clerical error or what have you, did not take that child off the enrollment. As a result, the truancy charges were followed. Is your underlying case going forward? Do you have like a declaratory judgment action or whatever it is to alleviate all these issues? Yes, that's right, your honor. So there's actually two underlying actions. Okay, so we're here today because there's two actually underlying actions. There's a an action in the administrative courts in Tennessee for the special education piece of this. And there is a case in federal court on the retaliation and declaratory judgment on this very issue. So this is a federal preemption issue. What do you need an injunction for? What are you asking for us to do? Thank you, your honor. Yeah, so what we're asking this court to do is to put an injunctive relief in place so that this parent right now, as a result of the first conviction of truancy, took the child, placed them in a school that was approved by the state of Tennessee and this school district. And it's an exorbitant school because the parent doesn't feel the child's getting the education in the public school. So she's paying this only to clear, they intend to file more truancy charges but for the actions in this court. And so what we're trying to do is allow this parent and allow those disputes in the lower forums to go forward and maintain that status quo that injunctive relief is all about so that we can get to that substantive issue but without the threat of truancy charges. And we know from the injunctive relief the first time that unfortunately the truancy action was already proceeding. I thought they were happy with this private school. They were with the new private school? They're okay with it but there's this substantial additional burden on this family. Do they intend to take the child out? Of the current school? Yes. Well I mean the idea is that they really want this child to be at the first one which was Hope Autism Academy. Because the child was really doing well at that facility. Was getting education you know we're getting testimony about that. The child was actually being educated, was benefiting from those therapies. But the problem... Unlicensed school or facility that's not recognized by state law. Is that the problem there? That is the problem your honor absolutely. Let me just ask you to understand what's really going on here. There's currently no dispute pending that would justify the entry of an injunctive relief as best I can tell. Is that right? Yes but that's the trick box your honor. Okay so really what's going on here is that there's no... if you were to ask for an injunction today you wouldn't be entitled to it. However you're looking... you want an injunction so that your clients can take the child out of the school where he currently is without repercussions. And so if we were to to order an injunction your clients would then take the child out of the school and there'd be a fight about whether you're in violation of state law and whether your clients would be subject to truancy violations and charges and that kind of thing. Is that the state of affairs? That's basically it your honor. The problem is my client is worried if she takes the child out of the current school, places them back in the other autism school that... It's an unlicensed facility but that's by their definition your honor. And then you'd want the injunction to protect against imposition of truancy charges once the child got enrolled again in the unlicensed facility and that's really what this case is really all about here. That's precisely it your honor and that also highlights the trick box of this parent. So why wouldn't the right time to seek an injunction be when you took the kid out of this school? Because then it would be an immediate threat, right? But until you do that it's like a license to do anything you want. Well not really though your honor. Why? It enjoins them from enforcing the truancy laws. What would... That injunction would then allow you to take the kid and just keep him at home. I'm not saying the parents are gonna do that. I get that they have the best interest of the child at heart here. Right. But I'm just saying that's the danger of not having an immediate threat of injury. Until you withdraw the child you don't have an immediate threat. Well we do have an immediate threat your honor because they have basically said in their papers and I've... No, no, wait. Can they... They cannot impose... We all agree I think they cannot impose truancy sanctions while the child is in the current school. So the day they withdraw, let's say they withdraw on a Friday, on Monday presumably if the child didn't show up in any school or went to Hope there would be a truancy charge filed. That's our fear your honor. Couldn't you go to the court the same day and enjoin it? We can't. Under the younger abstention doctrine that's exactly what we tried to do the first time. As soon as that truancy petition was filed the younger abstention doctrine said and the federal court correctly said this I believe the district judge said the federal courts have no power to go in and affect a state criminal proceeding and that's absolutely correct. That's why we're here today your honor to prevent the step before that because exactly the scenario you paint. If they filed the truancy petition on Monday we couldn't get the injunction. So that's why we're here and we want to prevent all that. We want the courts, the lower courts to have the opportunity to look at this case, understand what's going on and rule on it without the fear of my clients having to deal with another potential conviction on their record. And you talk about immediate harm. There is immediate harm and we highlighted that in our brief. The fact that a threat of criminal prosecution, this court has said that is enough. That is enough to constitute not only just immediate irreparable harm but actual harm, actual injury. And that's what my clients have already suffered through that now. They've got a conviction on their record which if we're successful we intend to go and have overturned but nevertheless that's sitting on their record right now. And if we take this out beyond my client, this is a policy issue because is this going to happen to any other parent of a disabled child? Is your case going on as we speak or you stayed below? No, we are proceeding. In fact, discovery is going on right now. So when do you expect to have a decision? I assume this is a summary judgment type case, right? Or is it a bench trial? I don't know. Yeah, there's other factors but on the declaratory judgment we will probably do summary judgment and that will be probably not for, I don't know, it might be even a year, your honor. I mean the trial is not scheduled till deep into 2020. Have you asked for Well yeah, that was our argument in the TRO, in the lower court, as well as in the scheduling order. And the judge basically kind of segregated the two and said we'll deal with this issue and we'll proceed with the other issues, the retaliation issues and so forth. So I'm saying I'm almost out of time on my initial argument. I'll reserve the rest for rebuttal. Thank you, your honor. Good morning, may it please the court. Edmund Sauer on behalf of Sumner County. I'd like to take just a step back and and frame the issue. We're here on the denial of a motion for preliminary injunctions. The standard review is very deferential. It's an abuse of discretion and we think that there was no abuse here to find that this whole effort to obtain a preliminary injunction is premature. There's no evidence in the record that the student is suffering harm or at risk of suffering imminent harm. What about their argument that A, as soon as you give us the injunction we're going to take them out of school. If not, and we take them out of school, we know we're going to get truancy charges filed. We can't stop the train. I would say two things. One, there is no allegation, the affidavit or complaint, that that's what they intend to do. And this court and the Supreme Court has already always required that in pre-enforcement actions like this, there's got to be an express intention to take the act to violate the criminal statute. The second thing is, what you're saying is even though counsel said it, they haven't filed anything in the district court. So the district court never had evidence from which the court could conclude that they intended to do that. You're exactly right, John. So if they just filed an affidavit tomorrow, the parents just said, we really want to take our kid out of this school, put them in the other one, and we're just, we can't do it because of the threat of the truancy charges. Then we get to my second point, which is the threat of criminal prosecution itself is not irreparable harm under Younger and its progeny. They can raise these preemption arguments in the juvenile court proceeding as a defense to liability. And so if they are prosecuted... Did they raise them last time? They raised them in a motion to dismiss that was denied by the juvenile court. They had an immediate de novo appeal to the circuit court where they could raise these issues again, and they didn't appeal it. So if something happens and they do decide to remove the child and put the child in a non-approved school, and we do go through the progressive truancy proceedings, we do file charges with the juvenile court. The juvenile court in the circuit court after that can consider those arguments. That's why those arguments are first addressed in the underlying declaratory judgment case? Yes, Your Honor. I think it will be, we haven't filed a motion for summary judgment in the underlying case. That's due at the end of the month, I think. But our point will be largely this irreparable harm justiciability question that we've discussed today. Put aside irreparable harm, just talking about, I assume they just want a preempted, I don't know what it is, by the IDEA or whatever, right? You're going to challenge justiciability of that underlying suit? There will be some challenges to justiciability in part because the state due process proceeding that's in the Department of Education before an administrative judge right now, that is the proceeding where the parent should be challenging the adequacy of the IEP that the state has, that the district has provided. That's separate from contesting the truancy charges in juvenile court? That's a state administrative proceeding? Correct. And that's separate from the preemption argument and the retaliation argument that they're alleging in this action, which is pending before the district court. So if something were to change and they were to allege that the child is suffering harm, which there's no proof of in the record, and that they intend to withdraw the student, again, which there is no proof presented to the district judge. I get all that, but you're saying they have to allege, they could want to withdraw the child because it's too expensive. Correct? That's correct. And they've definitely alleged harm in having the child in a public school? Yes, your The expense that they're incurring through Benton Hall or whatever private school, that's compensable through monetary damages, which they're seeking in this action. That's not irreparable harm. No, I get that, but your point that the irreparable harm is the prosecution, is what they're alleging? They're alleging both, your honor. The damages and the fear of prosecution. And our point is... Pretty well-established money damages harm. Is not it, yeah. So that's the primary basis on which the district court acted in his discretion in denying an injunctive... Can I ask you just a pragmatic question? Why not work with them and say, look, if you're gonna withdraw your child, we'll give you five days notice before we prosecute you for I can assure you that many, many, many of those efforts were made, and they all ultimately failed. The record reveals there were three IEP meetings that went through. We worked behind the scenes to try to prevent exactly this, and unfortunately, they failed. The second issue was what my friend claims is a conflict between federal IDEA law and state truancy law. There's no conflict on the face of the two statutes. There's no provision in the IDEA. The district court didn't decide that, right? That's correct. The only issue really in front of us is whether it's irreparable or there's immediate harm. I'm sorry. That's the And that factor alone, if the district court finds it doesn't exist, is enough. That's correct. The court need go no further than the lack of irreparable harm. What about our cases that say that the four factors are not prerequisites? Could they establish everything other than irreparable harm and still get an injunction under our law? No. Under your law, irreparable harm is required because it's the equitable basis for allowing a court to issue injunctive relief. So in this circuit, generally, you need to have irreparable harm and a likelihood of success. We have those cases that say it's a balancing test, we balance the factors, and specific language that says they aren't prerequisites. So if I combine a balancing test with not everything being a prerequisite, why don't I get a lot of likelihood of success on the merits and nothing else, but that gets me over the line? Because I think there is some certainly true, when you have at least a minimum threshold of showing of irreparable harm. And that's where the district court found that the plaintiff's proof was lacking. You might require a little bit less of a showing of harm if you have a real strong case on the merits, or if the equities weighed strongly in the plaintiff's favor. Here, as this court, and as the district courts have in this circuit in a number of instances, found that the lack of proof was dispositive and couldn't clear that initial threshold. The merits of the preemption case, we've briefed extensively. There's nothing in the IDA that allows a parent to unilaterally remove their child from public school and be exempt from state attendance requirements. And so we would ask the unit rebuttal. Thank you, Your Honors. I'm going to address a couple of things that came up during your questions with my learned colleague. This is not a premature issue, because there is imminent harm. We discussed that in the first part of my argument. So it's not premature, and in fact... What about the record, though? Is there an affidavit that says, we want to pull our child out of this school and put him or her in the other school? That is in the record. In the motions for the injunctive relief at the lower court, my client actually indicated that's what they wanted to do, because the burden was so high to be at this approved school. So it's not premature in any way, shape, or form. I want to address a couple of the other quick issues, which is... Just really quick, there is an affidavit in the record. There's... Apologies. I don't know if it's an affidavit or it's an affirmative statement that was made in the documents that was submitted. I think it might have been a letter or something to that effect, Your Honor. I can try and get the reference of the record real quickly, but I want to get back to one question you just raised, that it is a balancing test for a preliminary injunction. That's the certified restoration dry-cleaning case from this court in 2007, and in fact, I don't think that case said that it has to be... If you lose on irreparable harm, then you lose the rest of the injunction. It said you look at all four factors and you balance those factors, and if in the an injunction without irreparable harm, can we? No. I agree with you, Your Honor, but you have irreparable harm there. I mean, that's the... The threat of criminal prosecution is irreparable harm, and it is immediate, as Judge Thaper's sample or example gave, which is, it could be today the parent withdraws, and tomorrow they file the truancy charges. According to them, and this is in the neighborhood of four years worth of... I'm sorry, there's at least a year and a half of unexcused absences, which would draw in the neighborhood of 11 years of criminal jail. And by the way, let me get... While we're talking about this... I'm sorry. Can I ask you one other question? Sure. Why not take the other side's offer of a delay in prosecution, so you could bring this if it ever was going to happen? That's not an offer that's been made. What counsel was talking about was what happened... I'm just curious, would you take it if they said, we'll give you five days notice, because then you could go to the court and say, look, we just got a notice, we're going to be prosecuted. Well, I suppose that's correct, Your Honor. I suppose that's right, but, you know, I mean, I'd like to see that in writing and make sure that I was sure, because I don't want to subject my client to, you know, the juvenile court. I was going to address that, Your Honor. Thank you. So the problem there was the denial of the motion to dismiss was not on the issue of whether or not there was a conflict here between the truancy law and the IDEA law. In fact, the judge of the truancy case, the juvenile court, basically said, I have no jurisdiction to even deal with that. I cannot, and he disallowed, any discussion of IDEA law or federal law or anything like that. Why you didn't appeal it? So why wouldn't you appeal it? Well, because we had this action going. Right, but he's wrong, right? He clearly has jurisdiction to decide that. I'm not sure he did, Your Honor. I looked at the statute of what his jurisdiction is. It's a very limited jurisdiction, and I'm not sure he was wrong. He appealed it to the circuit court. Would they have jurisdiction to decide it? To the That's a good question, Your Honor. But I think since we already raised that issue in the federal court, we felt that it wasn't necessarily needed to. And so what we did decided, since he said we're not going to allow the IDEA arguments to proceed in his courtroom, because he doesn't have jurisdiction, we would raise that issue in the federal court. And then if we won, we succeed in the federal court, we could go back and either expunge that conviction or overturn it. So that would, my client would get relief either way. And also it would be duplication of arguments, duplication of cases, so to speak. And the one last thing I'll say is about justiciability. This is an exception under Justice Kagan's footnote in the Frye case, the U.S. Supreme Court case, that said basically that as long as the complaint about the IEP, which this case is not, then it's an exception to that exhaustion requirement. My time is out and I would ask that you overrule the district court and enter an injunctive relief. Thank you, Your Honors. Thank you very much and the case is submitted. There being no further cases for argument, court may be adjourned.